UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARRY DEQUAWN JAMES,

        Defendant-Movant,

                                          File No. 1:11-cv-311

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Plaintiff-Respondent.

_____/

## **O P I N I O N**

The matter before this Court is Movant Garry Dequawn James's motion pursuant to

28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  For the reasons that follow,

his motion will be denied.

### **I.**

On March 11, 2006, Movant was indicted by a Federal Grand Jury, with the third

count of that Indictment being contested in this matter.  Count Three of the Indictment

charged Movant with "use of a firearm in the furtherance of a drug trafficking offence," in

violation of 18 U.S.C. §924(c), due to Movant's possession of cocaine base (crack), and a

Llama .45 caliber handgun (Cr. Dkt. No. 27: Tr. Of Plea Hr'g at 19).  Pursuant to a written

plea agreement, Movant pleaded guilty to Count Three of the Indictment before Magistrate

Judge Timothy P. Greeley on September 19, 2006.  A Report and Recommendation (R&R)

was entered by the Magistrate Judge and this Court issued an Order Adopting the R&R on

October 10, 2006. Movant was sentenced on January 5, 2007, to 180 months incarceration,

at which time the Court accepted the written plea agreement and dismissed the remaining

counts of the Indictment. Movant filed a notice of appeal on February 12, 2007.  The appeal

was dismissed, and the judgment against Movant became final on February 20, 2007.  On

March 28, 2011, Movant filed this § 2255 Motion to vacate, set aside, or correct his sentence.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the

sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the

maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C.

§ 2255.  To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an

error of constitutional magnitude which had a substantial and injurious effect or influence

on the guilty plea or the jury's verdict."  *Humphress v. United States*, 398 F.3d 855, 858 (6th

Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-

constitutional errors are generally outside the scope of § 2255 relief.  *United States v.*

*Cofield*,  233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion

alleging non-constitutional error only by establishing a "fundamental defect which inherently

results in a complete miscarriage of justice, or, an error so egregious that it amounts to a

violation of due process."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)

(quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations

omitted)).

Barring exceptional circumstances, a prisoner seeking to raise a §2255 claim must file within one year. 28 U.S.C.A. § 2255(f). The limitation period runs from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final;
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A prisoner is entitled to equitable tolling of the one-year statute of limitations in federal habeas cases if he can show (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida,* 130 S.Ct. 2549 (2010).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III.

Movant is seeking relief on three grounds: (1) That he was charged with an uncodified offense rather than a statutorily recognized crime, (Dkt. No. 1.); (2) that his guilty plea was not entered knowingly and intelligently, *Id*.; (3) and that he suffered from ineffective assistance of counsel. (Dkt. No. 24, at 16).  He asserts that his claim is not time-barred due to a fundamental defect which has resulted in a complete miscarriage of justice - specifically, he alleges actual innocence. (*Id.* at 13).

The files and records in this case show conclusively that Movant is not entitled to relief under § 2255.  Therefore, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

### A.  STATUTE OF LIMITATIONS AND EQUITABLE TOLLING

Movant had one year from June 24, 2007, to file his § 2255 motion.  Instead of filing within that one year window, he waited approximately three years and nine months from the dismissal of his appeal - the date judgment became final - to file this motion.  Equitable tolling is only available if a prisoner can prove that he has been pursuing his rights diligently

and that some "extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S.Ct. 2549 (2010).  Without clear and convincing evidence of these requirements, tolling is improper, as "equity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989).

Movant claims that he only recently became aware of his ability to file, and of the filing requirements for a § 2255 motion.  However, "[i]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999).  More specifically, "the fact that Movant is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling."  *Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir.1999).  As such, Movant is not entitled to the tolling of the limitations period on the basis of ignorance of the law or relevant deadlines.

Movant also claims that he is actually innocent, which, if true, could justify a tolling of the deadline.  However, for reasons that follow, his claim of actual innocence has no merit, and is thus insufficient to warrant tolling.  As Movant has failed to show any justifiable basis for equitable tolling, his claim is time-barred.

## B.  SUFFICIENCY OF THE INDICTMENT

The Indictment captions the name of the charged offense as "use of a firearm in the furtherance of a drug trafficking offense," subject to 18 U.S.C. § 924(c)(1)(A)(i).  Because this does not exactly mirror the language of the statute, Movant believes that this is a failure

5

Case 1:11-cv-00311-RHB  Doc #33  Filed 07/09/12  Page 6 of 10  Page ID#148

to accuse him of an actual crime, and as such, is proof of his innocence.  His primary grievance, is with the word "use."

18 U.S.C. § 924(c)(1)(A) prohibits the use or carrying of a firearm during and in relation to any crime of violence or drug trafficking, and also prohibits possession of a firearm in furtherance of any such crime.  There was initial ambiguity as to whether the statute covered two different offenses or simply more than one way to perpetrate the same offense.  This was resolved in *U.S. v. Combs,* 369 F.3d 925, 932 (2004), which held that the "using or carrying" and "possessing" prohibitions of the statute are two distinct offenses.

The term "use" should be employed when, during and in relation to a drug trafficking crime, the firearm in question is brandished or discharged.  For a "use" charge, the Court requires "proof that the firearm was somehow actively employed during the drug trafficking crime." *Combs*, 369 F.3d at 932 (quoting *Bailey v. United States*, 516 U.S. 137, (1995)).  Movant in this case neither brandished nor discharged the handgun he had in his possession.

However, the caption of the offense with which Movant was charged uses language from both of the offenses listed in 18 U.S.C. § 924(c)(1)(A).  The inclusion of the "in furtherance" language suggests a "possession," rather than "use" charge. The fact that the "possession" charge is that which the government intended is made abundantly clear when the actual count is read.  The count itself uses only the language indicative of a charge of possession of a firearm in furtherance of a drug trafficking crime.  The fact that the caption of this count of the Indictment is unclear is unimportant, as an indictment caption is "completely surplusage." *United States v. Dawson*, 516 F.2d 796, 804 (9th Cir. 1975).

6

Additionally, because the caption is considered complete surplusage, Defendant could have moved to have the court strike that surplusage from the Indictment, but did not. Fed. R. Crim. P. 7(d).

Generally, an indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.  Fed. R. Crim. P. 7(c)(1).  "To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime."  *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir.1992).  Because the Indictment effectively described the nature of the charge, as well as the facts of the case which justify that charge, the caption wording is not the fatal error Movant believes it to be. Disregarding the surplusage on the caption or cover sheet of the Indictment, or the captions or cover sheets of any of the documents on the docket, he was rightfully charged with the possession of a firearm in furtherance of a drug trafficking crime, the very crime he readily admitted in court that he committed.  Cr. Dkt. No. 27: Tr. Of Plea Hr'g at 6-7.  Thus, Movant's "actual innocence" argument lacks merit.

Movant also briefly takes issue with the fact that the Indictment describes a drug trafficking "offense" rather than a drug trafficking "crime," as written in the statute.  This argument lacks merit.

> **Offense** - 1. A violation of the law; a crime, often a minor one. See crime. —
> Also termed criminal offense.  "The terms 'crime,' 'offense,' and 'criminal
> offense' are all said to be synonymous, and ordinarily used interchangeably.
> 'Offense' may . . . be used in a specific sense as synonymous with 'felony' or
> with 'misdemeanor,' as the case may be."

Black's Law Dictionary (9th ed. 2009), quoting 22 C.J.S. Criminal Law § 3, at 4 (1989). The use of a synonym rather than mirroring the language of the statute does not invalidate the substance of the Indictment, and was sufficient to alert Defendant of the crime he was being accused of committing.

## C. KNOWINGLY AND INTELLIGENTLY ENTERED PLEA AGREEMENT

Movant's second ground for relief is predicated on the first, and must also fail. Movant claims to have consented to his plea agreement and entered his guilty plea without knowledge that the crime with which he was being charged was a "non-codified offense." As already stated, the charge against Movant was proper. Because the Indictment included the relevant facts, and the crime with which Movant was charged was explained to him, Movant's claim that he unknowingly entered his plea agreement must fail.

## D. COUNSEL WAS NOT INEFFECTIVE

Movant claims that he suffered ineffective assistance of counsel for two reasons. First, he claims that counsel was ineffective because of a failure to alert Movant of the fact that he was being charged with a non-codified offense. As previously explained, the offense was legitimate, and as such, counsel advised him in a professionally reasonable fashion.

Movant also claims that counsel's recommendation to withdraw his appeal is proof of ineffective counsel because it foreclosed Movant of his opportunity to exhaust his options of appeal and his ability to raise appealed issues in an application for habeas relief. To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's

8

deficient performance prejudiced Movant. *Strickland v. Washington,* 466 U.S.668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

It is an attorney's duty to warn a client of the downside associated with appealing one's case while acting contrary to a waiver of appellate rights as part of a plea agreement. One such result could be a cross-appeal by the government, potentially endangering the downward variance granted to him because of his plea agreement. In light of this reality, counsel's recommendation to movant was reasonable. As Movant has failed to show that counsel's representation fell below an objective standard of reasonableness, he has no grounds for habeas relief.

## IV. CONCLUSION

Movant has failed to show actual innocence or any other extraordinary circumstance which would justify equitable tolling of the limitations period, and thus his claim is time-barred. Additionally, even if his claim were not time-barred, the grounds of his motion lack merit. Accordingly, Movant's § 2255 motion will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's motion to be debatable or wrong. Accordingly, a certificate of appealability will be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: July 9, 2012                                      /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE